IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 13-cr-05028-01-MDH |
| | ) | Case No. 13-cr-05036-09-MDH |
| DANIEL NEVAREZ, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant's *pro se* Motions for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(2) and Part A (the "status-point" provision) of Amendment 821 to the Sentencing Guidelines. (Doc. 57 in No. 13-05028-01-CR-SW-MDH (Nevarez I) and Doc. 959 in No. 13-05036-09-CR-SW-MDH (Nevarez II)). The government has filed a response stating the Court should deny Defendant's motion because he is ineligible for a reduction in sentence. (Docs. 81 and 962).

Following a guilty plea, defendant was convicted of three charges in two different cases. In Nevarez I, defendant was convicted of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In Nevarez II, defendant was convicted of conspiracy to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count One); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Thirty-Seven). The Court calculated a total offense level 26, a criminal history score 11, a criminal history category V, and an advisory guidelines range of 60 to 120 months' imprisonment. The total criminal history score included two criminal history points because defendant committed the instant offense while

under a criminal justice sentence. The Court imposed a sentence of 120 months in Nevarez I. In Nevarez II, the Court imposed a sentence of 120 months for Count One, to be served concurrently to the sentence in Nevarez I, and 60 months for Count Thirty-Seven, to be served consecutive to the other two counts, for a total sentence of 180 months' imprisonment.

As stated by the government: in general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. Dillon, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the guidelines range does not change, the court may not reduce the defendant's sentence. *See id.* § 1B1.10(a)(2)(B). Even if the guidelines range does change, a court may not reduce a defendant's sentence below the amended range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. See *Dillon*, 560 U.S. at 829-30.

Here, Defendant is not eligible for relief under Amendment 821 because application of Amendment 821 would not change his guidelines range. Under the then-existing guidelines, defendant's total criminal history score was 11 and his criminal history category was V. Applying Amendment 821's change to § 4A1.1 to defendant's guidelines calculation would reduce his total criminal history score to 10 but would not change his criminal history category
2

or his Guidelines range. See U.S.S.G. ch. 5. Defendant is, accordingly, ineligible for a reduction in sentence. U.S.S.G. § 1B1.10(a)(2)(B).

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED: June 25, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**